# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

BRANDI LYNN STEWART,

    Plaintiff,

v.

JEFFERSON COUNTY,
a governmental entity; JEFFERSON COUNTY
SHERIFF'S OFFICE, JOSEPH GORMAN,
IN HIS OFFICIAL CAPACITY; JEFF COFFEY, IN HIS OFFICIAL
REPRESENTATIVE CAPACITY; GWEN BOYER,
INDIVIDUALLY AND IN HER OFFICIAL
REPRESENTATIVE CAPACITY;
GLEN BALLINGER, INDIVIDUALLY AND
IN HIS OFFICIAL REPRESENTATIVE CAPACITY;
JAMES CLEVENGER, INDIVIDUALLY AND IN
HIS OFFICIAL REPRESENTATIVE CAPACITY;
RICKY OATES, INDIVIDUALLY AND IN
HIS OFFICIAL REPRESENTATIVE CAPACITY;
; AND JOHN DOE,

    Defendants
_____/

CASE NO.:

JURY DEMAND

## I. INTRODUCTION

1.    This action arises out of the violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. § 1983 and 1988; under the Tennessee governmental tort liability statutes; under Tenn. Code Ann. § 29-20-101, Et seq., and under Tennessee common law for intentional and/or negligent infliction of emotional distress and false imprisonment.

## II. JURISDICTION AND VENUE

2. Jurisdiction is founded upon 28 U.S.C. § 1383 and the venue is properly set in the United States District Court for the Eastern District of Tennessee at Greeneville pursuant to 28 U.S.C. § 1391. Furthermore, the Plaintiff requests that this Court exercise its supplemental jurisdiction over her supplemental State claims.

3. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

4. On information and belief, it is alleged that each of the named Defendants resides in this judicial district or is a governmental entity organized and existing within this judicial district.

5. The Plaintiff resides within this judicial district.

6. The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00).

## III. PARTIES

7. Plaintiff, Brandi Stewart, is a citizen and resident of Lincoln County, Tennessee.

8. Defendant, Jefferson County is a governmental entity organized and existing pursuant to the laws of the State of Tennessee. Defendant Jefferson County is sued in its official capacity only.

9. Defendant, Jefferson County Sheriff's Office is a department or division of Jefferson County with its principal place of business being located at 765 Justice Center Drive, Dandridge, Tennessee in Jefferson County, and with its elected Sheriff being Sheriff Jeff Coffey.

10. At all times material hereto, Defendant, Jeff Coffey, is the duly elected Sheriff of Jefferson County, Tennessee, and the supervisor of the Jefferson County Sheriff's Office charged with the responsibility to hire, train, supervise and fire persons employed/appointed as deputy

sheriff's by him. Sheriff Jeff Coffey's actions and inactions in his official capacity are attributable to Jefferson County, Tennessee, as a real party in interest. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).

11. Jefferson County owns and is required to maintain the Jefferson County Detention Facility ("Jail") which is located at 983 Industrial Park Drive, Dandridge, Tennessee 37725, in Jefferson County.

12. Defendant, Gwen Boyer, is believed to be a citizen and resident of Jefferson County, Tennessee, and was at all times material to the allegations in this Complaint, acting in her capacity as a Sheriff's Deputy employed by Jefferson County, Tennessee and was acting under color of state law. This Defendant is sued in her individual and official representative capacity.

13 Defendant, Glen Ballinger, is believed to be a citizen and resident of Jefferson County, Tennessee, and was at all times material to the allegations in this Complaint, acting in his capacity as a Sheriff's Deputy employed by Jefferson County, Tennessee and was acting under color of state law. This Defendant is sued in his individual and official representative capacity.

14. Defendant, James Clevenger, is believed to be a citizen and resident of Jefferson County, Tennessee, and was at all times material to the allegations in this Complaint, acting in his capacity as a Sheriff's Deputy employed by Jefferson County, Tennessee and was acting under color of state law. This Defendant is sued in his individual and official representative capacity.

15. Defendant, Ricky Oates, is believed to be a citizen and resident of Jefferson County, Tennessee, and was at all times material to the allegations in this Complaint, acting in his capacity as a Sheriff's Deputy employed by Jefferson County, Tennessee and was acting

under color of state law. This Defendant is sued in his individual and official representative capacity.

16. Defendant John Doe, an unknown Jefferson County, Tennessee Sheriff's Deputy, whose proper name is unknown to the Plaintiff at this time, is believed to be a citizen and resident of Jefferson County, Tennessee, and was at all times material to the allegations in this Complaint, acting in his capacity as a Sheriff's Deputy employed by Jefferson County, Tennessee and was acting under color of state law. This Defendant is sued in his individual and official representative capacity.

## IV. FACTUAL ALLEGATIONS

17. The Plaintiff avers that on or about October 31, 2019, she went to visit her son, Timothy Stewart, who was an inmate at the Jefferson County Detention Facility.

18. The Plaintiff avers that she was at the Jefferson County Detention Facility to provide personal items for her son.

19. The Plaintiff avers that while at the Jefferson County Detention Facility she was approached by Officer Gwen Boyer, who asked for her identification.

20. The Plaintiff avers that after taking her identification Officers Gwen Boyer and Glen Ballinger told her there was a warrant for her arrest, threw her to the floor, landed on top of her and handcuffed her.

21. The Plaintiff did not resist arrest or otherwise provoke the unjustified use of excessive force to place her into custody. She was unarmed, in a police detention center, came to bring personal items for her son and in no way indicated an intent to flee.

22. The Plaintiff avers that while being restrained, she tried to explain to the officers that she did not have a warrant and that they were mistaken.

23. The Plaintiff avers that she was then taken in handcuffs from the front lobby to the booking area of Jefferson County Detention Facility.

24. The Plaintiff avers that she was left in booking in restraints for approximately 30 minutes when Officer Gwen Boyer returned after it was discovered that the Plaintiff, Brandi Lynn Stewart, was not the person for whom the warrant was issued and that the person for whom the warrant had been issued was another female with a different date of birth than Plaintiff.

25. In fact the warrant was for a B-R-A-N-D-Y Stewart (spelled with a 'Y'), the date of birth was different, and the warrant was issued in juvenile court, whereas Brandi Stewart was thirty-six (36) years old.

26. The Plaintiff avers that when the officers threw her to the floor, jumped on top of her and restrained her, she received injuries to her head, neck, back and shoulder in addition to the humiliation and embarrassment of being violently arrested in the public lobby of the detention facility..

27. The Plaintiff avers that as result of being thrown to the floor, and having the officer jump on top of her and restrain her, Plaintiff sustained severe and permanent injuries, including emotional and psychological injuries that have and will require medical attention, treatment, therapy and medications.

**COUNT I**
**CAUSES OF ACTION**
**Violation of Civil Rights Pursuant to Title 42 § 1983 (General Allegations)**

28. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

29. In committing the acts complained of herein, the Defendants acted under color of law to deprive the Plaintiff of certain Constitutionally protected rights under the Fourth, Fifth,

5

and Fourteenth Amendments to the Constitution of the United States including, but not limited to: (a) the right to be free from unreasonable searches and seizures; (b) the right not to be deprived of liberty without due process of law; (c) the right to be free from excessive use of force by persons acting under color of state law; and (d) the right to be free from false arrest.

30. As a direct and proximate result of the violation of her Constitutional rights by the Defendants, the Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 § U.S.C. 1983.

31. The conduct of the Defendants was willful, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

32. The Defendants acted in bad faith and demonstrated a reckless indifference to determine the true identity of the Plaintiff and violated her Constitutional right to be free from false arrest and misidentification.

33. As a proximate result of all of these tortious actions and Constitutional violations, the Plaintiff, Brandi Lynn Stewart, has endured incredible physical, emotional and psychological pain and suffering and humiliation.

34. As a proximate result of the all of these tortious actions and constitutional violations, the Plaintiff, Brandi Lynn Stewart has had to retain the services of legal counsel for which she will be obligated to pay attorney's fees and costs.

WHEREFORE, Plaintiff, Brandi Lynn Stewart, demands judgment against all Defendants for violations of her Civil and Constitutional Rights pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in an amount to be determined by a jury plus reasonable attorney's fees and costs and for any other relief as is just under the premises.

## COUNT II
## Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Failure to Implement Appropriate Policies, Customs, and Practices)

35. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

36. Defendant, Jeff Coffey, in his capacity as Sheriff of Jefferson County, Tennessee and the Defendant Jefferson County, Tennessee, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the arrest of a person on a warrant with no descriptive information regarding that person and with no proof that the person arrested is the person for whom the warrant was issued.

37. As a direct and proximate result of the violation of her Constitutional rights by the Defendants, the Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 § U.S.C. 1983.

38. The conduct of the Defendants was willful, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

39. The Defendants acted in bad faith and demonstrated a reckless indifference to determine the true identity of the Plaintiff and violated her Constitutional right to be free from false arrest and misidentification.

40. As a proximate result of all of these tortious actions and Constitutional violations, the Plaintiff, Brandi Lynn Stewart, has endured incredible physical, emotional and psychological pain and suffering and humiliation.

WHEREFORE, Plaintiff, Brandi Lynn Stewart, demands judgment against all Defendants for violations of her Civil Rights under Title 42 USC Section 1983 in an amount to

be determined by a jury plus reasonable attorney's fees and costs, punitive damages and for any other relief as is just under the premises.

## COUNT III
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 (False Arrest)

41. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

42. In committing the acts complained of herein, Defendants Glen Ballinger, Gwen Boyer, James Clevenger, and Ricky Oakes, and Jefferson County acted under color of state law by falsely arresting and detaining the Plaintiff on the basis of a warrant issued for another person. In violating the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

43. As a direct and proximate result of the violation of her Constitutional rights to be free from false arrest by the Defendants, the Plaintiff suffered serious emotional distress and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

44. The Defendants acted in bad faith and demonstrated a reckless indifference to determine the true identity of the Plaintiff and violated her Constitutional right to be free from false arrest and misidentification.

45. As a proximate result of all of these tortious actions and Constitutional violations, the Plaintiff, Brandi Lynn Stewart, has endured incredible emotional and psychological pain and suffering and humiliation.

WHEREFORE, Plaintiff, Brandi Lynn Stewart, demands judgment against all Defendants for violations of her Civil Rights under Title 42 USC Section 1983 in an amount to be determined by a jury plus reasonable attorney's fees and cots and for any other relief as is just under the premises.

## COUNT IV
## Tennessee Governmental Tort Liability Act Pursuant to T.C.A. § 29-20-101/
## Tennessee Common Law (False Imprisonment)

46. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

47. The Plaintiff avers that the Defendants breached a duty of care owed to her, so as not to deprive her of her personal liberty, by intentionally restraining or detaining her on the basis of a warrant issued for another person.

48. The Plaintiff avers that the Defendants are liable to her for false imprisonment.

49. As a direct and proximate result of the false imprisonment by the Defendants, the Plaintiff suffered serious physical, emotional distress and special damages as alleged in this Complaint and is entitled to relief sought.

50. The Defendants acted in bad faith and demonstrated a reckless indifference to determine the true identity of the Plaintiff and violated her Constitutional right to be free from false arrest and misidentification.

51. As a proximate result of all of these tortious actions and Constitutional violations, the Plaintiff, Brandi Lynn Stewart, has endured incredible emotional and psychological pain and suffering and humiliation.

WHEREFORE, Plaintiff, Brandi Lynn Stewart, demands judgment against all Defendants for False Imprisonment in an amount to be determined by a jury plus reasonable attorney's fees and cots and for any other relief as is just under the premises.

## COUNT V
## Tennessee Governmental Tort Liability Act Pursuant to T.C.A. § 29-20-101/
## Tennessee Common Law (Negligent Supervision)

52. The Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

53. Each Defendant owed the Plaintiff a duty to use due care at or about the times of the aforementioned arrest.

54. In committing the aforementioned acts and/or omissions, each Defendant negligently supervised the arresting and transporting officers by failing to provide proper training and outline proper procedure when confronted with the potential arrest of a person on the basis of a warrant issued for someone else.

55. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

56. The Defendants acted in bad faith and demonstrated a reckless indifference to determine the true identity of the Plaintiff and violated her Constitutional right to be free from false arrest and misidentification.

57. As a proximate result of all of these tortious actions and Constitutional violations, the Plaintiff, Brandi Lynn Stewart, has endured incredible physical, emotional and psychological pain and suffering and humiliation.

WHEREFORE, Plaintiff, Brandi Lynn Stewart, demands judgment against all Defendants for Common Law Negligent Supervision in an amount to be determined by a jury plus reasonable attorney's fees and cots and for any other relief as is just under the premises.

## COUNT VI
### Tennessee Common Law (Outrageous Conduct)

58. The Plaintiff realleges and incorporates herein by reference the allegations set

forth in paragraphs 1-27 of this Complaint.

59. The actions of the Defendants constitute the State Tort of outrageous conduct, and the actions of the Defendants constitute violations of protections be the Constitution of the United States.

60. The Defendants acted in bad faith and demonstrated a reckless indifference to determine the true identity of the Plaintiff and violated her Constitutional right to be free from false arrest and misidentification.

61. As a proximate result of all of these tortious actions and Constitutional violations, the Plaintiff, Brandi Lynn Stewart, has endured incredible emotional and psychological pain and suffering and humiliation.

WHEREFORE, Plaintiff, Brandi Lynn Stewart, demands judgment against all Defendants for the Tort of Outrageous Conduct in an amount to be determined by a jury plus reasonable attorney's fees and cots and for any other relief as is just under the premises.

## **PRAYER FOR RELIEF**

PREMISES CONSIDERED, Plaintiff prays:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That this Court exercise its supplemental jurisdiction over her supplemental State claims.

3. That this Court empanel a jury to try this action.

4. That Plaintiff be awarded compensatory and punitive damages against the Defendants.

5. That the Plaintiff be awarded reasonable attorney's fees and costs.

6. That Plaintiff have such other, further and general relief to which she may show themselves entitled.

Respectfully submitted,

The Porter Law Firm

/s/ Broderick Taylor
_____
Marwan Porter FL Bar No. 26813
Broderick Taylor FL Bar No. 648574
5033 SE Federal Hwy
Stuart, FL 34977-6626
(888)258-2448 phone
marwan@theporterfirm.com
broderick@theporterfirm.com
Co-Counsel for Plaintiff Brandi Stewart
Pro Hoc Vice Application Pending


/s/ Jonathan E. Richardson
_____
Jonathan E. Richardson TN Bar No. 21660
Law Office of Jonathan E. Richardson
4121 Clarksville Pike, Ste. 7
Nashville, TN 37218
(615)891-7811 phone
(615)891-7812 fax
jrichardson@jrichlaw.com
Local Co-Counsel for Plaintiff,
Brandi Stewart

Attorneys for Plaintiff